IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONNIE RAINEY )
 )
v. ) NO. 3-13-0612
 ) JUDGE CAMPBELL
SUN LIFE ASSURANCE COMPANY )
OF CANADA, et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 79), Defendant CHS's Motion for *De Novo* Determination (Docket No. 80), Plaintiff's Objection (Docket No. 82), Defendant Sun Life's Response to Plaintiff's Objection (Docket No. 83), and Plaintiff's Response to Defendant CHS' Objections (Docket No. 84).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo*[1] the Report and Recommendation, the Objections and Responses, and the file. The Report and Recommendation of the Magistrate Judge is adopted and approved.

DEFENDANT CHS

Defendant CHS argues that the Magistrate Judge erred in construing the facts in a light most favorable to Plaintiff, since Plaintiff was the movant on his summary judgment motion. Defendant CHS was the movant, however, on its Motion for Judgment on the Record (Docket No. 29), which is essentially a cross-motion to Plaintiff's Motion for Summary Judgment,[2] so actually, neither party

---

[1] Thus, Defendant CHS' Motion for *De Novo* Determination (Docket No. 80) is GRANTED, but the objections contained therein are overruled.

[2] The fact that these Motions are cross-motions also explains why the Motion for Summary Judgment was properly before the Magistrate Judge. In any event, the District Judge agrees with the Report and Recommendation and adopts it as its own to the extent necessary.

is entitled to a favorable construction. The Court, in making this ruling, has considered both parties to be movants. The Court finds, in any event, under any of the standards applicable to the pending Motions, that the Report and Recommendation correctly recommends that Plaintiff's only remaining claim[3] should be granted as to Defendant CHS for breach of its fiduciary duty.

Plaintiff's claim against Defendant CHS is not a repackaged claim for benefits under Section 502(a)(1)(B). Plaintiff's claim against CHS has nothing to do with the denial of benefits; instead, it is for breach of fiduciary duty as a result of CHS' false, incomplete and misleading statements made to Ms. Rainey in connection with her benefits eligibility and CHS' acceptance of insurance premiums from Ms. Rainey for insurance for which she was not eligible. The question is not whether benefits were wrongfully denied, but whether CHS breached its fiduciary duty. *See Weaver v. Prudential Life Ins. Co. of America*, 2011 WL 4833574 at * 4 (M.D. Tenn. Oct. 12, 2011). Because Plaintiff has no remedy under Section 502(a)(1)(B), dismissal of his claim under Section 502(a)(3) would be in error. *Gore v. El Paso Energy Corp. Longterm Disability Plan*, 477 F.3d 833, 840 (6th Cir. 2007).

The Sixth Circuit has recognized an equitable claim by a participant against an ERISA plan fiduciary, pursuant to 29 U.S.C. § 1132(a)(3), when a fiduciary misleads a participant or beneficiary. *Moore v. Lafayette Life Ins. Co.,* 458 F.3d 416, 432 (6th Cir. 2006). A fiduciary breaches his duty by providing plan participants with materially misleading information, regardless of whether the fiduciary's statements or omissions were made negligently or intentionally. *Id.*

---

[3] Plaintiff has conceded that Ms. Rainey was not eligible for the benefits she elected and has conceded that Count I of his Complaint should be dismissed. Plaintiff brings his claim under Section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], Count II, for breach of fiduciary duty. Docket No. 79, pp. 6 and 9.

To establish a claim for breach of fiduciary duty under these circumstances, a plaintiff must show that: (1) the defendant was acting in a fiduciary capacity when it made the challenged representations; (2) those representations constituted material misrepresentations; and (3) the plaintiff relied on those misrepresentations to her detriment. *Moore*, 458 F.3d at 433.[4]

The Court agrees that the subject website was set up under CHS' authority and instruction for CHS employees, to perform functions on behalf of CHS related to its employee benefits plans. CHS was acting as a fiduciary in that respect.

The Court also agrees that CHS' allowing Ms. Rainey to enroll, confirming that she had enrolled, accepting her payments for the greater coverage, and never taking any steps to correct this erroneous enrollment were all materially misleading statements (and silence) about the future of the plan; i.e., that Ms. Rainey did and would have coverage under the insurance for which she was paying. As CHS itself points out, conveying information about the likely future of plan benefits, thereby permitting beneficiaries to make an informed choice about continued participation is a fiduciary act and can give rise to a breach of fiduciary duty claim. Docket No. 81, p. 12 (citing *Varity Corp. v. Howe*, 516 U.S. 489, 502 (1996)). Here, CHS conveyed information about Ms. Rainey's eligibility for coverage which misled Ms. Rainey into thinking that she would have continued coverage under the policies for which CHS allowed her to enroll and, therefore, she was not permitted to make informed decisions about that coverage and/or other options.

---

[4] A misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision. *Moore*, 458 F.3d at 433.

And, finally, Ms. Rainey reasonably relied to her detriment upon the misrepresentations of CHS, as the Report and Recommendation suggests, by paying premiums and by foregoing alternative coverage.[5]

For these reasons and as explained in the Report and Recommendation, CHS' Motion for Judgment on the Record is GRANTED as to Count I and DENIED as to Count II. Plaintiff's Motion for Summary Judgment is moot as to Count I and GRANTED as to Defendant CHS on Count II.

## SUN LIFE

Plaintiff has filed Objections to the Report and Recommendation concerning Defendant Sun Life "in order to preserve his appeal rights." Docket No. 82. Plaintiff represents that he does not seek a double recovery, but he submits his Objections in case the Court overrules the Report and Recommendation as it applies to Defendant CHS.

Therefore, because the Court has adopted and approved the Magistrate Judge's recommendations concerning Defendant CHS, the Court need not address Plaintiff's Objections as to Defendant Sun Life or Sun Life's Response thereto.

Defendant Sun Life's Motion for Judgment on the Record (Docket No. 26) is GRANTED, Plaintiff's Motion for Summary Judgment (Docket No. 43) as to Defendant Sun Life is DENIED, and Plaintiff's claims against Sun Life are DISMISSED.

## FURTHER BRIEFING

As suggested by the Magistrate Judge, Plaintiff shall file, by October 20, 2014, a brief as to what relief would be appropriate equitable relief for Plaintiff under 29 U.S.C. § 1132(a)(3).

---

[5] CHS' own file reflected that one of the primary reasons Ms. Rainey sought employment as a staff pharmacist was the availability of benefits. Docket No. 79, n.5.

4

Defendant CHS shall have until November 3, 2014, to file its Response. Any Reply by Plaintiff shall be filed by November 10, 2014.

## CONCLUSION

The Report and Recommendation (Docket No. 79) is adopted and approved. Defendant CHS' Motion for Judgment on the Record is GRANTED as to Count I and DENIED as to Count II. Plaintiff's Motion for Summary Judgment is moot as to Count I and GRANTED as to Defendant CHS on Count II.

Defendant Sun Life's Motion for Judgment on the Record (Docket No. 26) is GRANTED, Plaintiff's Motion for Summary Judgment (Docket No. 43) as to Defendant Sun Life is DENIED, and Plaintiff's claims against Sun Life are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE