IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONNIE RAINEY )
)
v. ) NO. 3-13-0612
) JUDGE CAMPBELL
SUN LIFE ASSURANCE COMPANY )
OF CANADA, et al. )

MEMORANDUM

Plaintiff brought this action against Defendants CHS/CHS Community Health Systems, Inc. ("CHS") and Sun Life Assurance Company of Canada ("Sun Life") with respect to an Employment Retirement Income Security Act ("ERISA") life insurance plan on his now-deceased wife. By Order dated October 6, 2014, the Court granted Plaintiff's Motion for Summary Judgment as to Count II (breach of fiduciary duty) against Defendant CHS.[1] Moreover, the Court granted Defendant Sun Life's Motion for Judgment on the Record and dismissed Plaintiff's claims against Defendant Sun Life. Docket No. 85. The Court ordered further briefing by Plaintiff and Defendant CHS as to what relief would be appropriate equitable relief for Plaintiff under 29 U.S.C. § 1132(a)(3). *Id*. The parties have filed briefs as ordered (Docket Nos. 86, 87 and 88).

Plaintiff seeks the equitable remedy of surcharge in an amount of $784,000. That amount represents the full value of the life and accident insurance coverage Mrs. Rainey believed she had purchased ($934,000), minus the $150,000 previously paid to Plaintiff by Defendant Sun Life.

AVAILABILITY OF SURCHARGE REMEDY

ERISA provides that a civil action may be brought by a participant to enjoin any act or practice which violates ERISA or the terms of the plan, to obtain other appropriate equitable relief

---

[1] Plaintiff conceded that Count I of his Complaint should be dismissed.

to redress such violations, or to enforce any provisions of ERISA or the terms of the plan. 29 U.S.C. § 1132(a)(3). The Supreme Court has recognized the possibility of an equitable remedy, such as surcharge, under ERISA for breaches of fiduciary obligations by plan administrators. *Cigna Corp. v. Amara*, 131 S.Ct. 1866, 1881 (2011) (award of make-whole relief in the form of surcharge is within the scope of "appropriate equitable relief" for purposes of Section 1132(a)(3)); *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 722 (8th Cir. 2014).[2]

As noted in a recent district court opinion, the law has been somewhat unsettled as to what extent "appropriate equitable relief" can include compensatory damages such as Plaintiff seek. *See Van Loo v. Cajun Operating Co.*, 2014 WL 6750453 at * 14 (E.D. Mich. Dec. 1, 2014). Citing *Amara* and cases since *Amara*, the *Van Loo* court found that if the plaintiff could establish that the defendant breached a fiduciary duty by misrepresentation, then the plaintiff could recover compensatory damages for that breach under 29 U.S.C. § 1132(a)(3).[3]

In *Teisman v. United of Omaha Life Ins. Co.*, 908 F.Supp.2d 875, 880 (W.D. Mich. 2012), the court, citing *Amara*, found that when a fiduciary is involved, compensatory relief is a "typical equitable remedy" available under 29 U.S.C. § 1132(a)(3). The *Teisman* court found, therefore, that ERISA authorized the make-whole equitable relief sought by the plaintiff in that case. *Id.*

---

[2] To obtain relief under the surcharge theory, a plan participant is required to show, by a preponderance of the evidence, that the plan administrator's breach of fiduciary duty harmed the participant. Although it is not always necessary to meet the more rigorous standard implicit in the words "detrimental reliance," actual harm must be shown. *Amara*, 131 S.Ct. at 1881-82; *Silva*, 762 F. 3d at 722.

[3] The *Van Loo* court cited a pre-*Amara* opinion by the Sixth Circuit, *Krohn v. Huron Mem. Hosp.*, 173 F.3d 542, 551 (6th Cir. 1999), in which the court held that a defendant was liable for the lost benefits the plaintiff had sustained, even though her ERISA claim fell solely under Section 1132(a)(3).

Defendant CHS argues that Plaintiff's request should be denied for three reasons, two of which have been previously decided by the Court.[4] Relying upon treatises also relied upon by the *Amara* Court, Defendant contends that surcharge is available only under two circumstances: (1) if the breach of trust resulted in a loss to the trust or plan or (2) if the breach unjustly enriched the fiduciary.[5] The Court disagrees.

In *Amara*, the Court stated that equity courts possessed the power to provide relief in the form of monetary "compensation" for a loss resulting from a trustee's breach of duty *or* to prevent the trustee's unjust enrichment. *Amara*, 131 S.Ct. at 1880. Thus, the Supreme Court recognized that a surcharge could be an appropriate remedy not only for a fiduciary's unjust enrichment but also for a loss resulting from the trustee's breach of duty. *See Biller v. Prudential Insurance Co. of America*, 2014 WL 4230119 at * 8 (N.D. Ga. Aug. 26, 2014); *compare Gabriel v. Alaska Electrical Pension Fund*, 755 F.3d 647 (9th Cir. 2014) (trustee not subject to surcharge for breach of trust that results in no loss to the estate or profit to the trustee).

In *Weaver v. Prudential Insurance Co. of America*, 2011 WL 4833574 (M.D. Tenn. Oct. 12, 2011), this Court found that if the plaintiff established liability for breach of fiduciary duty under Section 1132(a)(3), she would be able to recover the value of the life insurance benefits to which

---

[4] Defendant argues that Plaintiff cannot prove actual harm, but the Court has already found detrimental reliance, which requires an even more rigorous standard than actual harm. Docket No. 85. Defendant also contends that Plaintiff should not recover a surcharge because there is no evidence that Mrs. Rainey relied on any misrepresentations. Again, the Court found reasonable detrimental reliance in its prior opinion. *Id*.

[5] Defendant argues that neither it nor Mrs. Rainey's employer, Abilene Regional Medical Center ("Abilene") has been unjustly enriched in this matter because all payments, by Mrs. Rainey and her employer, were made through CHS to Sun Life. Thus, Sun Life has the premiums which Mrs. Rainey and Abilene paid for her life insurance coverage.

3

she would have been entitled if the defendant had correctly informed her about her ability to convert the group policy to an individual policy. *Id.* at * 13.

Here, Plaintiff seeks relief in the form of monetary compensation for a loss resulting from a trustee's breach of duty. The Court finds that the surcharge remedy is authorized under ERISA and the relevant case law, and the surcharge is appropriate in this case.

## AMOUNT OF SURCHARGE REMEDY

Having determined that the surcharge is an available remedy, the Court must now determine an appropriate measure for the amount of the surcharge. As noted, Plaintiff seeks the full amount of the expected benefit, minus what he has already been paid by Sun Life.

To calculate this amount, Plaintiff assumes that Mrs. Rainey worked 40 hours per week and was paid $117,000 per year. Plaintiff seeks $117,000 in Basic Life and $117,000 in Basic AD&D, plus $350,000 (3 times her salary) in Optional Life and $350,000 (3 times her salary) in Optional AD&D, for a total of $934,000. Subtracting the $150,000 already paid by Sun Life, Plaintiff would be entitled, under this calculation, to $784,000.

Defendant contends that even if Plaintiff is entitled to a remedy of monetary damages, the amount requested should be substantially reduced. Defendant argues that Plaintiff actually worked an average of 21.5 hours per week and her annual salary actually was $62,608. Using Mrs. Rainey's true hours and salary, Defendant claims that Plaintiff would be entitled to $350,864.

The Court finds, as it has already held, that Plaintiff's wife paid for and expected to receive full benefits of $934,000 under the life and AD&D policies at issue. In order to make Plaintiff whole for the breach of fiduciary duty which led to this action, the Court awards Plaintiff that full, expected amount.

4

Accordingly, Plaintiff is awarded a surcharge in the amount of $784,000 (face value minus amount already paid) against Defendant. Any Motion for Attorney's Fees should be filed in accordance with the Local Rules of this Court.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE